■ WOLFSON SEPTIMUS, Respondent, v JORGE MATOS et al., Defendants, and MARK BRONSKY, Appellant. [890 NYS2d 538]—

The subject peer review agreement containing the subject alternative dispute resolution clause invoked by defendant states that the parties were waiving their respective rights to sue "on the facts or issues submitted to the Peer Review Committee"; the Guide to Peer Review, which, as described by the agreement, more fully explains the peer review process and was received and read by the parties before signing the agreement, states that the parties were waiving the right to sue "on the

facts or issues *decided* by the Peer Review Committee" (emphasis added). Aside from the ambiguities created by this difference in language, it does not appear that any disputes were "submitted" to the Committee simply by virtue of the parties' execution of the agreement and submission of accompanying statements and, in defendant's case, his treatment records. The Guide provides that once the dentist returned the agreement along with copies of relevant treatment records, the Committee chairperson would determine whether "Peer Review can resolve the complaint." No such determination was made here because, under the Guide, a patient complaint was not eligible for peer review unless the patient placed the balance owed to the dentist for the treatment in escrow pending the outcome of the peer review, and plaintiff here withdrew from that process without having made such deposit. The Association, apparently, does not consider itself competent to decide disputes when a patient refuses to comply with the escrow requirement; its letter to defendant advising of plaintiff's "withdraw[al] from Peer Review prior to mediation" stated that no findings would be made and that the "dispute is now closed from further consideration." As the motion court correctly concluded, plaintiff cannot be compelled to proceed before a forum that has deemed his complaint withdrawn and will not entertain it (*cf. Strattner v Cabrini Med. Ctr.*, 257 AD2d 549, 549 [1999] [by serving a demand for arbitration, plaintiff initiated a process that resulted in an arbitration award in favor of defendant on the very claims that plaintiff seeks to litigate, with plaintiff's full participation in that process, and noting that "at no time did plaintiff seek to withdraw his demand for arbitration"]). Concur—Mazzarelli, J.P., Andrias, Saxe, Catterson and Acosta, JJ.